**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERNEST MONTGOMERY (#315014)**                               **CIVIL ACTION**

**VERSUS**

**CORNEL H. HUBERT, WARDEN, ET AL.**                          **NO. 07-0585-A-M3**

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 10, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (#315014)**         **CIVIL ACTION**
**VERSUS**
**CORNEL H. HUBERT, WARDEN, ET AL.**         **NO. 07-0585-A-M3**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Cornel Hubert, rec.doc.no. 24.  This motion is opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Dr. M. Hegman, Nurse R. Childs, Msgt. Carline and unidentified "John Doe" security officers at EHCC, alleging that the defendants violated his constitutional rights on July 7, 2006, and thereafter, through a failure to protect him from harm at the hands of fellow officers and through deliberate indifference to his serious medical needs.  The plaintiff thereafter amended his Complaint to identify the "John Doe" defendants as Terron McNeil, Jason Holmes, Jonathan Crozier, Carvin Handy, Jozette Odimegwu, Christopher Dale, Ashley Cheatham, Ernest Brown, Denise Stewart, Chantel Harrell, Natasha Barker, Msgt. V. Anderson, Sgt. D. Smith, Sgt. M. McCormick, Msgt. S. Williams, Sgt. E. Lazard, Msgt. J. Osborne, Lt. D. Brown and Msgt. W. Carlin.  Notwithstanding, pursuant to Orders dated April 4, and June 5, 2008, rec.doc.nos. 40 and 52, the Court granted the plaintiff's motion for voluntary dismissal as to most defendants, leaving only Warden Cornel H. Hubert and Dr. M. Hegman as defendants named in this proceeding.[1]

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant M. Hegman have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on his behalf inasmuch as he is no longer employed by the Department.  Accordingly, defendant M. Hegman has not appeared in this proceeding and has not participated in the instant motion.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims against defendant M. Hegman be dismissed, without prejudice.

Initially, inasmuch as the plaintiff has voluntarily dismissed all defendants who he alleges were participants in failing to protect him from harm, this claim is subject to dismissal. In the absence of any named defendant who may be found responsible for such alleged failure, there is no basis for the imposition of liability in connection with this claim.

Turning to the remaining claim of deliberate medical indifference, and addressing the motion for summary judgment of defendant Hubert, the defendant asserts, relying upon the affidavits of Wanda Matthews and Kimberly Lemaire, that the plaintiff has failed to exhaust administrative remedies relative to this claim. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In the affidavits of Wanda Matthews and Kimberly Lemaire, provided in connection with the defendant's motion, together with documents submitted by the plaintiff in opposition thereto, it appears that the plaintiff attempted to commence an administrative grievance on or about February 20, 2007, wherein he sought to assert a claim against Warden Hubert of deliberate medical indifference allegedly occurring in July and August of 2006. The plaintiff explicitly acknowledged in the grievance, however, that he was aware that the grievance was untimely, being admittedly asserted more than ninety (90) days after the events complained of in violation of prison rules. Prison officials thereafter rejected the grievance for this reason. It appears clear, therefore, that the plaintiff has failed to exhaust administrative remedies relative to his claim of deliberate medical indifference against defendant Hubert. Accordingly, the plaintiff's claims against this defendant are subject to dismissal for this reason.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claims against defendant M. Hegman be dismissed for failure to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is the further recommendation of the Magistrate Judge that the motion for summary judgment of the remaining defendant, Cornel Hubert, rec.doc.no. 24, be granted, dismissing the plaintiff's claims against this defendant for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 10, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**